*POLICE JURY* vs. *HAMPTON.*

Eastern Dis'ct
*Feb'ary* 1827

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This is an action to recover the amount of $321, paid by the parish of New Orleans, for repairs made on a plantation of the defendant.

The general issue is pleaded. There was judgment in the inferior court against the defendant, and he appealed.

It appears in evidence, that on the 10th day of February, 1822, a jury was assembled in pursuance of certain regulations of the parish of New Orleans, on the subject of roads, levees and bridges; who, after deliberation, directed that certain repairs were necessary on the plantation of the defendant.

That on the 12th day of the same month, the syndic gave notice to the appellant that if the work was not done in conformity with the directions of the jury, it would be executed at his expense, in pursuance of the 16th article of the police regulations of the parish of New Orleans.

The defendant not having complied with

The police jury of New-Orleans may order repairs on levees at any season of the year. Notice to the proprietor must be in the English language, if it be his mother tongue.
If the forms of the law, in giving notice, are not strictly complied with, no action can be maintained against the owner for a breach of the police regulations, but the jury may recover the value of the repairs put on his plantation if they were useful and necessary to him.

this notice, the work was executed by the syndic; and it is proved, that it was done on reasonable terms, and that the work was accepted by the jury.

The defence has assumed every ground of which the case is susceptible.

It is first contended that by the 12th article of the police regulations, "the work for the levees shall begin every year in the month of July, as soon as the water is low, and shall be finished and completed by the first of November following, under penalty for every such contravention, of a fine which shall not exceed $500, nor be less than $50, at the discretion of the parish judge."

This article applies to the general works to be done on the plantations within the parish in each year; but does not prevent the police jury from ordering the construction of those that may become necessary at any intermediate space of time. The regulations would be quite inadequate to the purposes of public convenience and security, if they did not authorise repairs at any season of the year. Levees and bridges may be in a situation not to excite apprehension in the month of July, and yet become alarming and

dangerous before the expiration of twelve months. That such is the sound construction of the article just cited, is, we think, clear by comparing it with the 21st, which declares "that besides the works which the inhabitants are bound to perform at *certain periods* of the year, they shall be *at all times* under an obligation to keep their ways, bridges, ditches and levees, in good repair—that they may be directed to make them, and that in their default in doing so, they shall be made at their expense."

It is further argued, that admitting these repairs to have been ordered at a proper time, notice was not given in a legal manner, and that, therefore, the defendant was not in default.

The 51st article of the regulations of the police jury, directs the syndic to issue orders in English, to the inhabitants who speak that language.

It is proved here, that the defendant speaks that language, and that the order left at the plantation was written in French.

This error, he contends, exonerates him from all responsibility.

The appellees urge, that the irregularity

in giving notice, if such it be, can have no other effect, than to prevent the police jury from levying the fines which their regulations impose on those who neglect the orders they receive from the syndic; but that it does not authorise the defendant to enrich himself at the expense of others, by refusing to pay for labor, which was both necessary and useful to him.

The merits of the case turn on the correctness of the last position.

It is a maxim, common to the jurisprudence of all countries, that no one is permitted to profit by the labor of another, without compensating him for it. *Jure naturæ equum est, neminem cum alterius detrimento et injuria fieri locupletiorem.* On this principle, the Roman jurists held, that he who acted for another by transacting his business, or by making repairs on his property, could recover the amount of the expenses incurred, or the value of the repairs; provided the acts of the *negotiorum gestor* were necessary and useful to the person for whom he acted. This doctrine has descended to us, and makes a part of the positive legislation of the state. *Dig. Liv.* 50, *tit.* 17, *L.* 206, *ibid Liv.* 3, *tit.* 5, *L.* 10

10, 8, 1. *Toullier, Droit civil Français, vol.* 11, *tit.* 4, *cap.* 1, *no.* 49. *C. code,* 2274 *and* 2278.

We have, then, to examine, whether the work done was useful and necessary to the defendant; and if it was, whether the neglect of the police jury to give notice, enables the appellant to profit by their labor without paying for it.

The jury having failed to give notice according to their own regulations, it is clear the defendant was not benefited by being discharged from any fine which might be affixed to a disobedience to them; for, until notified, he was not responsible for a breach of them. But that the work was necessary and useful, in discharging the defendant from the obligation imposed on him by their regulations to keep his levees and roads in good repair, and consequently in saving him from the damage to which he would have been exposed had the property of his neighbors sustained any injury, is manifest from a reference to the regulations established by the police jury.

These, from the first to the seventh article, prescribe the manner in which roads, bridges,

and levees, shall be made. The twelfth, directs the time when the work shall be done; and affixes a fine for disobedience. And the sixteenth authorises the work to be done for them. The twenty-first prescribes that, "besides the work which the inhabitants are bound to perform, at certain periods of the year, by virtue of the present regulations, they shall, at all times, be under obligation to keep their ways, bridges, ditches, and levees, in good repair, and free from all kinds of filth and weeds; in order, principally, that the holes which may exist in the levees be perceived. And if, after being duly required and notified by the syndic of their district, to execute the said repairs, they refuse or neglect to do so, within the prescribed delay, they shall be condemned to a fine of ten dollars; and the syndic shall cause the said repairs to be made at the expense of the defaulter, according to the sixteenth article of this ordinance."

It is a general principle, that whoever is injured by the failure fo another to comply with a legal obligation, has an action at law, to be compensated for the injury he has sustained. The obligations of each riparian, owner or possessor of lands within the limits

of the parish of Orleans, are established in express and positive terms, by the article referred to. And any person who would suffer by a neglect of these obligations, could certainly demand and recover the damage he sustained by a breach of them. The notice required by the latter part of that article, does not create the obligation, nor impair the right of a co-proprietor to compensation in case he sustained an injury. It is only in relation to the fine given to the public, and provides for the manner it should be enforced; but leaves the private right untouched. It proceeds on the familiar distinction between the penalty given in a prosecution on the part of the public for a breach of its laws, and the right of an individual to bring an action against him by whom the injury has been inflicted And a failure of the police jury to pursue the formalities necessary for them to recover their fines, could no more weaken the claim of a party injured by the overflowing of the river, to obtain compensation to the amount of the damage he sustained, than an irregularity on the part of the state, in an indictment against a person who had committed an assault and battery, would affect the right of the individual assaulted and

beaten, in an action which he might bring in his own name for the damages he had sustained.

Another reason fortifies this construction. The fine imposed is only ten dollars. An amount not at all proportionate to the injury that might follow. The great danger to which the lower part of this state is exposed from the periodical rise of the Mississippi, is a fact which requires no evidence in this cause to make known to the court. And if it did, the numerous regulations of the police jury which are in proof before u , would establish it. It cannot be believed then that those to whom this important branch of police is intrusted, intended no other penalty should follow a neglect of regulations which might put the surrounding country under inundation, and ruin the crops of their neighbours, than the sum of ten dollars. It is rather to be presumed, this was added to the heavy obligation which responsibility to individuals created.

If such were the obligations imposed on the defendant, the danger to which he was exposed by leaving his levee out of repair was great, and the work done can be regarded in

no other light, than useful and necessary to him. He is a resident of South Carolina. His plantation was uninhabited, and he had no agent here; or if he had, there is no proof of that fact. The repairs made by the appellees, we are bound to believe, prevented the plantation of the appellant from inundation, and saved him from the responsibility he would have fallen under to his neighbours, had their property been injured by his fault. He should, therefore, pay for the labour by which he was benefitted; and it would be unjust that, in this manner, he should enrich himself at the expense of others.

This doctrine does not in any manner impugn that on which the case of *Bouligny* vs. *Dormenon & als.* was decided in this court. There the proprietor interfered before the contract made by the police jury had been carried into effect, and he succeeded, because the regulations for the construction of the levees had not been promulgated, and were not binding on the inhabitants of the parish. Here the obligation existed, in virtue of rules which had the force of law. The contract has been executed, and the question is not what would have been the right of the appel-

EasternDis'ct
Feb'ury 1827

POLICE JURY
*vs.*
HAMPTON.

lant had he come forward to prevent the work being done. It is possible he might have chosen to brave all the consequences, and let the plantation remain without proper levees until duly notified. But his responsibility now, cannot be tried by that test. It is by a reference to his duties, and *to a presumed obedience to them*, had he been here, that the rights of the *negotiorum gestor* are to be ascertained. Such an argument might be used in any and every case, and would render the whole doctrine of our law on this subject useless, and of no effect. *Si quis absentis negotia gesserit, licet ignorantis; tamen quidquid utiliter in rem ejus impenderit, vel etiam ipse se in rem absentis alicui obligaverit, habeat eo nomine actionem. Dig. Lib. 3. tit. 5. No. 2.*

The failure of the police jury to give notice, cannot defeat this action. It is founded on the great principle of equity, that no man shall profit by the labour of another without compensation; and neither error, nor bad faith, on the part of the *negotiorum gestor*, will prevent him recovering the amount to which he has benefitted another, if the work done was useful and necessary. *Dig. Lib. 3. tit. 5. No. 6. 83.*

It has been decided in this court, that a sheriff might recover on a *quantum meruit* for keeping slaves, although he had not strictly complied with the law, and could not sustain an action in his official capacity.  *Vol. 3. N°. S. 576.*

EasternDis'ct
*Feb'ary*,1827

POLICE JURY
*vs.*
HAMPTON.

The judgment of the district court should, therefore, be affirmed with costs.

*Moreau* for the plaintiff, *Preston* for the defendant.